```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------------x
 3  UNITED STATES of AMERICA,
 4          -against-                          18mj9807
 5  BRENDAN VAUGHAN,
 6                  Defendant.
 7  ------------------------------------x
 8
                                        United States Courthouse
 9                                      White Plains, New York
10                                      March 12, 2019
11
    B e f o r e:
12
                    HONORABLE LISA MARGARET SMITH,
13                                      United States Magistrate Judge
14
15  GEOFFREY S. BERMAN
    Acting United States Attorney for
16  the Southern District of New York
    SAMUEL S. ADELSBERG
17          Assistant United States Attorney
18
19  MICHAEL K. BURKE
            Attorney for Brendan Vaughan
20
21
22
23
24
25
                Angela O'Donnell, RPR, 914-390-4025
```

1     THE CLERK:  In the matter of the United States of
2 America versus Brendan Vaughan.
3     Counsel, please note your appearance for the record.
4     MR. ADELSBERG:  Good afternoon, your Honor.  Sam
5 Adelsberg on behalf of the United States.
6     THE COURT:  Good afternoon, Mr. Adelsberg.
7     MR. BURKE:  Good afternoon, your Honor.  Michael
8 Burke, Hodges Walsh & Burke on behalf of Mr. Vaughan.
9     THE COURT:  Good afternoon, Mr. Burke.
10    Well, am I correct that you are requesting that I --
11 I think the appropriate step is to revoke Mr. Vaughan's bail,
12 order that he be detained at the Metropolitan Detention Center
13 and then you would have to make a further application after his
14 examination is concluded.
15    MR. BURKE:  That's correct, your Honor.  Obviously
16 the detention without prejudice with further application, as
17 the Court indicates, so that the forensic evaluation could be
18 completed.
19    I was surprised to learn that Four Winds wasn't
20 equipped to do such an evaluation or even have it done there by
21 an outside provider to go in and perform that forensic
22 evaluation.  But that's the information that's been related to
23 us, and this is the -- I think the swiftest mechanism to allow
24 for the forensic evaluation to be done in a controlled setting.
25    The other potential avenues were too far out and I

1   wanted to get this done as soon as possible.

2             With that, I'd ask that Dr. Termini be appointed.
3   She's previously been appointed through the CJA.  That was part
4   of my letter that was submitted to the Court last week.

5             THE COURT:  I will -- I am granting the application
6   to appoint Dr. Termini to conduct the forensic examination.  I
7   am going to revoke Mr. Vaughan's bail and direct that he be
8   detained at the Metropolitan Detention Center specifically for
9   purposes of allowing the forensic psychiatric exam to go
10  forward.

11            I do think it's important, Mr. Burke, to note that
12  Mr. Vaughan has not made a good impression at Four Winds.  It
13  appears that he's having a great deal of difficulty complying
14  with instructions, both instructions from Mr. Barrios and
15  instructions from those at Four Winds.  I have to wonder if
16  they would even take him back if there does come a time when a
17  modification of the bail conditions is appropriate.  It's just
18  something for you to be aware of.

19            MR. BURKE:  I am aware of that, and I'm willing to
20  reserve on addressing any of those issues until we have the
21  forensic evaluation done, and that's why I ask the Court to at
22  least allow me to make that application without prejudice.  Now
23  I am consenting to the revocation of bail (indiscernible) the
24  transport to MDC.

25            There are certain things that I would ask of the

...

1  Court as far as the medication he's on; to have his file noted,
2  and then also ask that he be housed in the mental health unit
3  at MDC.  The medication that he is on, he's on Lamictal,
4  150 milligrams for bipolar.
5             THE COURT:  Spell that.
6             MR. BURKE:  I just (inaudible).
7             THE COURT:  Lamictal?
8             MR. BURKE:  Lamictal.  Yes.
9             THE COURT:  I know what it is.
10            MR. BURKE:  Okay.  It's 150 milligrams.
11            THE COURT:  Once a day?
12            MR. BURKE:  That's the only medication that he's
13  currently on.  He was on other medications at Four Winds, but
14  the current medication he's on is Lamictal.
15            THE COURT:  Okay.
16            Mr. Adelsberg, anything you want to add?
17            MR. ADELSBERG:  No.  No, your Honor.  The government
18  is equally concerned with the reports we hear from Mr. Barrios
19  and from Four Winds.  I think for purposes of today's hearing
20  we would consent to the revocation of bail for the purposes of
21  the forensic evaluation.
22            THE COURT:  All right.  The medical form has been
23  prepared and signed.
24            Anything further?
25            Mr. Adelsberg.

1      MR. ADELSBERG:  No, your Honor.

2      THE COURT:  Mr. Burke.

3      MR. BURKE:  No, your Honor.  I was contemplating

4  whether I should ask for a control date but one second.

5      THE COURT:  It may take a little while, so you can

6  make a request at any time.

7      MR. BURKE:  Thank you, your Honor.  Appreciate it.

8      THE COURT:  All right.

9      MR. ADELSBERG:  Thank you, your Honor.

10     THE COURT:  Thank you.

11     (Proceedings concluded)

12 CERTIFICATE:  I hereby certify that the foregoing is a true and
   accurate transcript, to the best of my skill and ability, from
13 my stenographic notes of this proceeding.
                      _____
14 Angela A. O'Donnell, RPR, Official Court Reporter, USDC, SDNY